In the Matter of the Application of GEORGE H. SMITH, Petitioner, for a Peremptory Mandamus Order against BENJAMIN CHUCK-ROW and Others, Comprising the Board of Supervisors of the County of Rensselaer, Respondents.

Supreme Court, Rensselaer County, December 15, 1935.

*Mackrell & Ranney*, for the petitioner.

*T. Stewart Hubbard*, for the respondents.

STALEY, J. The board of supervisors of the county of Rensselaer by resolution, pursuant to section 180 of the County Law, sub-divided the county, in 1922, into four coroner districts and fixed the salary for the coroners of these districts in varying amounts. This section of the law, which confers the authority for this division of a county into coroner districts, provides that " there shall be elected one coroner from each of such districts, each of whom shall have jurisdiction to perform the duties of the office anywhere within the territorial limits of such county."

The third district so established consists of the towns of Schaghticoke, Pittstown, Hoosick, Brunswick, Grafton and Petersburg.

The petitioner herein was a candidate for coroner at the general election held in 1935; he was a resident of the third coroner district; he was nominated at the primary election of his party held throughout the entire county and ran as a candidate for that office throughout the entire county.

He contends that he was the only legal resident of coroner district No. 3 for whom any votes were cast at this election, and seeks a mandamus order directing the board of supervisors as a county board of canvassers to reconvene and to determine and declare that he was duly elected as coroner from district No. 3.

If the division of the county into coroner districts had the effect of requiring the nomination and election of coroners to be limited to the voters of such districts, such method was not followed at the last election, nor does it appear that such method has been followed at any time since the division of the county into such districts. The attempt to elect a coroner from each coroner district under such a practice presumes that the voters of the entire county will so cast their votes; that the candidates from each such district will be elected by receiving the greatest number of votes cast in the entire county as against candidates from other districts. Such a presumption is fanciful and such a practice is impractical and are

most likely to produce an anomalous situation, as here, and a result where the action of the voters may be inconsistent with the intent and letter of the law.

The papers presented in this proceeding apparently have studiously avoided a statement of all the facts necessary for an understanding of the real situation, although the answer of the respondents alleges that the statements and declarations of the board of canvassers declared the four persons elected who received the greatest number of votes.

If the petitioner was content to be nominated by his party members throughout the entire county and to run as a candidate throughout the same territory, he is now estopped to complain that he should have been nominated only by his party within the third district, and that the power of electing a coroner for that district was confined to the voters therein. Apparently he was willing to hazard his chance of election with the voters of the entire county rather than with the voters within the district for which he now claims to have been elected.

The duties of the board of canvassers are purely ministerial; no judicial powers are vested in them. They are authorized and directed to compute the votes cast from the returns filed, and to determine what person has " by the greatest number of votes been elected " to each office. (*People ex rel. Kathan* v. *County Board of Canvassers*, 75 App. Div. 110; Election Law, §§ 273–275.) The board has no power to determine the legality of an election. (*People ex rel. Williams* v. *Board of Canvassers*, 105 App. Div. 197.) It cannot go behind the returns. (*People ex rel. Derby* v. *Rice*, 129 N. Y. 461.)

A mandamus will lie to command the performance of a clear duty imposed or neglected. It cannot lie to command the doing of that which the board is without power or duty to do.

The court under subdivision 5 of section 330 of the Election Law may direct only " the performance of any duty imposed by law " on the board of canvassers.

The basis of this proceeding is not a failure of the board of canvassers to perform any such duty, but relates to the qualifications for office and eligibility of a candidate for coroner who apparently was one receiving a sufficient number of votes for that office to be declared elected by the board of canvassers.

A board of canvassers is without power to pass upon the eligibility of candidates for office and the court is not vested with such power in this proceeding or any one under section 330.

Order may be entered denying the application, without costs. Order to be presented on or before December thirtieth.